# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CATHERINE LEWAN, ) | |
| Plaintiffs, ) | 06CV6736 |
| ) | JUDGE CASTILLO |
| v. ) | MAGISTRATE JUDGE ASHMAN |
| SHARMAN NETWORKS LIMITED aka ) | |
| SHARMAN NETWORKS LTD, SHARMAN ) | **FILED** |
| LICENSE HOLDINGS LIMITED, GEOFFREY R. ) | |
| GEE, GLOBAL NOMINEES, and CREDIT ) | DEC 0 6 2006 NF |
| FACILITIES LIMITED, ) | DEC 06 2006 |
| ) | MICHAEL W. DOBBINS |
| Defendants. ) | CLERK, U.S. DISTRICT COURT |

## COMPLAINT

NOW COMES the Plaintiff, CATHERINE LEWAN, an Illinois citizen and resident, on behalf of herself and others similarly situated, by and through her attorneys, MUDD LAW OFFICES, and complains of the Defendants, SHARMAN NETWORKS LIMITED aka SHARMAN NETWORKS LTD, SHARMAN LICENSE HOLDINGS LIMITED, GEOFFREY R. GEE, GLOBAL NOMINEES, and CREDIT FACILITIES LIMITED (collectively, "Sharman Defendants"), upon personal information as to her own activities and upon information and belief as to the activities of others and all other matters, and states as follows:

### NATURE OF ACTION

1. This is an action for fraudulent misrepresentation, deceptive trade practices, consumer fraud, and related claims. In this action, Plaintiffs seek exemplary and compensatory damages, punitive damages, attorney's fees and costs.

## PARTIES

2. SHARMAN NETWORKS LIMITED aka SHARMAN NETWORKS LTD ("SHARMAN NETWORKS") is a Vanuatu Corporation with a registered address, upon information and belief, with BDO Chartered Accountants, BDO House, Lini Highway, PO Box 240, Port Vila, Vanuatu. SHARMAN NETWORKS owns KAZAA.

3. SHARMAN LICENSE HOLDINGS LIMITED ("SHARMAN HOLDINGS") is a Vanuatu Corporation with a registered address, upon information and belief, with BDO Chartered Accountants, BDO House, Lini Highway, PO Box 240, Port Vila, Vanuatu. SHARMAN LICENSE HOLDINGS LIMITED is wholly owned by SHARMAN NETWORKS.

4. WORLDWIDE NOMINEES LTD. is the sole director of SHARMAN NETWORKS and SHARMAN HOLDINGS. WORLDWIDE NOMINEES LTD. is a Vanuatu Corporation with a registered address, upon information and belief, with BDO Chartered Accountants, BDO House, Lini Highway, PO Box 240, Port Vila, Vanuatu.

5. GEOFFREY R. GEE is a citizen and resident of Port Vila, Vanuatu, with a principal business address of Raffea House, Kumul Hwy, PO Box 782 Port Vila, Vanuatu. Upon information and belief, GEOFFREY R. GEE is the sole director of WORLDWIDE NOMINEES LTD.

6. GLOBAL NOMINEES is a shareholder of WORLDWIDE NOMINEES LTD. Upon information and belief, GLOBAL NOMINEES is a Vanuatu Corporation.

7. CREDIT FACILITIES LIMITED is a shareholder of WORLDWIDE NOMINEES LTD. Upon information and belief, CREDIT FACILITIES LIMITED is a Vanuatu Corporation.

8. Each of the individual Defendants above conspired to construct the corporate

structure of SHARMAN NETWORKS so as to avoid civil and criminal liability.

9. Each of the individual Defendants above engaged in the conduct alleged herein to further their own personal interests and gain.

10. Each of the individual Defendants had knowledge of the wrongful conduct in which the Sharman Defendants, individually and collectively, engaged.

## JURISDICTION AND VENUE

11. Jurisdiction of this court arises under 28 U.S.C. § 1332 (diversity jurisdiction). The amount in controversy exceeds $75,000.

12. This Court has jurisdiction over the Sharman Defendants because the defendants have engaged in commercial activity with, and sold products to, citizens of the United States and, in particular, the State of Illinois. Moreover, the Sharman Defendants have engaged in wrongful conduct from and within the State of Illinois.

13. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events and/or omissions giving rise to this action occurred in this judicial district.

14. An actual case or controversy has arisen between the parties. The Sharman Defendants deceptively marketed a product designed to contribute to potential infringement of copyrighted works that subjected its users to potential civil liability for copyright infringement.

15. Plaintiff and all others similarly situated have been damaged through their use of the Sharman Defendants' product by (a) being named as defendants in federal litigation for copyright infringement; (b) incurring expenses with respect to such federal litigation; and (c) having paid a settlement to resolve such litigation.

16. Moreover, the Sharman Defendants have profited from their wrongful conduct through, among other methods, encouraging and inviting conduct through the use of their

product that would expose their customers to civil liability.

17. Although not invoked within a specific count, this action involves issues of fact and law relating to the Copyright Act, 17 U.S.C. 501, et seq. Consequently, this action does involve a federal question.

## FACTUAL BACKGROUND

18. This action involves wrongful conduct by the Sharman Defendants for purposes of commercial gain at the expense and detriment of their customers.

### The Relationship Between the Parties

19. The Sharman Defendants marketed, distributed and sold a peer to peer (P2P) file-sharing product named KaZaA. This included a software product installed by a user on his or her computer as well as the KaZaA network to which such computers could connect through the use of the KaZaA software. Collectively, these items and those related thereto are referred to as the KaZaA Product.

20. With respect to the Plaintiff, KaZaA came to be installed on a computer connected to the Internet through the Plaintiff's Internet connection obtained through a subscription with an Internet Service Provider.

21. Through the use of KaZaA on Plaintiff's computer and her Internet connection, various record companies found filenames associated with their copyrighted sound recordings. These record companies eventually filed suit against Catherine Lewan for copyright infringement.

22. Plaintiff settled with the record companies to resolve the litigation against her that had arisen from the use of KaZaA in relation to her Internet connection.

23. Thousands of other individuals have faced similar litigation and experienced

similar damages though the use of the KaZaA Product.

## Class Action Allegations

24. Plaintiff brings this action on behalf of herself, and all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, as representatives of the following class: all persons in the State of Illinois who (a) used the KaZaA Product and (b) have been sued for claims of copyright infringement arising from the use of the KaZaA Product.

25. Plaintiff does not know the exact size of the class, since such information is in the exclusive control of the Sharman Defendants. However, the exact number may be determined by appropriate discovery. Nationwide, the class of persons affected by the Sharman Defendants' conduct consists of at least a few thousand persons and is so numerous that joinder of all members of the class provided for herein is impracticable.

26. There are questions of both fact and law common to the class. These common questions predominate over any questions affecting only individual members of the class.

27. Plaintiff and her attorney will fairly and adequately protect the interests of the Class in that the named Plaintiff, like all other members of the Class, has been subject to litigation involving claims for copyright infringement arising from the use of KaZaA and has paid a settlement to resolve such litigation. Therefore, the Plaintiff has been adversely affected by such action in a like manner as all other members of the Class.

28. A class action is the most fair, just, and convenient manner in which to adjudicate the claims arising out of the Sharman Defendants' conduct. Should individual actions be brought, or be required to be brought by each individual class member, a multiplicity of lawsuits would result and cause undue hardship and expense for the Court and the litigants.

## Defendants' Wrongful Conduct

29. The Sharman Defendants marketed KaZaA as a P2P service that allowed individuals to share files.

30. The Sharman Defendants deceptively marketed the KaZaA Product as allowing "free" downloads.

31. The Sharman Defendants deceptively marketed the use of the KaZaA Product as legal.

32. The Sharman Defendants knew that most users of the KaZaA Product would use the KaZaA Product to catalog and store digital copies of copyrighted sound recordings and films.

33. The Sharman Defendants encouraged, invited, and solicited such conduct from the public, its customers, and users of the KaZaA Product.

34. To use the KaZaA Product, an individual user would download the KaZaA software and install it on their computer.

35. The user could then use the KaZaA Product to catalog files on the individual's computer. These files would be contained within a "share folder."

36. To increase the sound recordings and films available on the KaZaA network, the Sharman Defendants designed the KaZaA software to create the share folder and make the share folder accessible to anyone using KaZaA software on the KaZaA network. They did so such that neither the KaZaA software nor the individual user's computer would inform the user that this had occurred.

37. In other words, the Sharman Defendants designed the KaZaA software to share the contents of the individual user's "share folder" without letting the user of the KaZaA software know that he or she made such contents available to others on the KaZaA network.

38. By increasing the sound recordings and films available on the KaZaA network, the number of KaZaA users would increase in number.

39. The number of KaZaA users reached more than 100,000,000.

40. By increasing the number of KaZaA users, the KaZaA network became an increasingly attractive market in which to advertise.

41. Through increased advertising, the Sharman Defendants' revenue increased exponentially.

42. The Sharman Defendants designed the KaZaA software to install a number of additional programs ("spyware") on an individual user's computer for nefarious purposes. They did so such that neither the KaZaA software nor the individual user's computer would inform the user that this had occurred.

43. The spyware employed by the KaZaA software affected computers adversely.

44. The Sharman Defendants designed the KaZaA software to be nearly impossible to fully eradicate from a user's computer. Consequently, an individual's share folder would remain accessible to the KaZaA Network after the KaZaA software had been removed from the individual's computer.

45. By automatically sharing the files in the shared folder, KaZaA exposed its users to claims of copyright infringement by making such files accessible to other users of the KaZaA network to download.

46. The Sharman Defendants knew and continue to know that the use of the KaZaA Product exposes its users to claims of copyright infringement.

47. The Sharman Defendants trade off the copyright infringing activities of its users.

48. The Sharman Defendants promote themselves to advertisers as having access to a

vast audience.

49. The vast audience exists only because of the availability of copyrighted works the Sharman Defendants have deceptively manufactured.

50. Owners of copyrighted works have filed suit against the Plaintiff and others similarly situated for making files available for distribution through the share folder created by KaZaA.

51. The Plaintiff and others similarly situated have been forced to remit settlement payments to the copyright owners to avoid prolonged and costly litigation.

52. In 2006, Sharman Networks entered into a settlement agreement with the copyright owners.

Illinois ARDC: 6257957

## CLAIMS FOR RELIEF

## COUNT ONE
## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANTS
## FRAUDULENT MISREPRESENTATION

53. Plaintiff hereby incorporates by reference paragraphs 1 through 52 above in this First Count as though fully set forth herein.

54. The Sharman Defendants falsely advertised and stated that use of KaZaA would be legal.

55. The Sharman Defendants knew that the intended use of KaZaA would be illegal.

56. The Sharman Defendants knew that the use of KaZaA as designed by the Defendants would be illegal.

57. The Sharman Defendants knew their false representations to be untrue.

58. The Sharman Defendants made the false statements with an intent to induce the Plaintiff and others similarly situated to obtain and use KaZaA.

59. The Plaintiff and others similarly situated relied upon the false statements of the the Sharman Defendants that use of KaZaA would be legal.

60. Based on the false statements of the Sharman Defendants, the Plaintiff and others similarly situated obtained and began to use KaZaA.

61. The Plaintiff's reliance upon the false statements of the Sharman Defendants was justified.

62. The Plaintiff and others similarly situated have been sued for copyright infringement arising from the use of KaZaA.

63. The Plaintiff and others similarly situated have suffered harm and have incurred

9

damages in attorneys fees and damages paid to those suing them for copyright infringement.

64. WHEREFORE the Plaintiff on behalf of herself and others similarly situated seeks recovery of compensatory damages for injuries caused by the Sharman Defendants' fraudulent misrepresentation.

## COUNT TWO
## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS
## UNIFORM DECEPTIVE TRADE PRACTICES
## 815 ILCS 510

65. Plaintiff hereby incorporates by reference paragraphs 1 through 64 above in this Second Count as though fully set forth herein.

66. The Sharman Defendants falsely represented that the use of KaZaA was legal.

67. The Sharman Defendants willfully and intentionally made such false representations.

68. The Sharman Defendants configured KaZaA such that its intended use would be illegal.

69. The Sharman Defendants configured KaZaA such that its default setting would make the share folder accessible to the KaZaA network.

70. The Sharman Defendants configured KaZaA such that it would not inform its users that the default setting made the share folder accessible to the KaZaA network.

71. The Sharman Defendants' conduct exposed Plaintiff and others similarly situated to claims and lawsuits for copyright infringement.

72. The Sharman Defendants' conduct caused Plaintiff and others similarly situated to be forced to make settlement payments to avoid prolonged and costly litigation involving claims for copyright infringement.

10

73. By their conduct, the Sharman Defendants have violated the Uniform Deceptive Trade Practices Act, particularly, but not exclusively, 815 ILCS 510/2(a)(5) and (7). The Sharman Defendants willfully engaged in the deceptive trade practices.

74. WHEREFORE Plaintiff seeks on behalf of herself and others similarly situated recovery of compensatory and punitive damages for injuries caused by Defendants' violation of the Uniform Deceptive Trade Practices Act. The Plaintiff on behalf of herself and others also seeks recovery of attorney's fees and costs.

## COUNT THREE
## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANTS
## CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## 815 ILCS 505

75. The Plaintiff hereby incorporates by reference paragraphs 1 through 74 above in this Third Count as though fully set forth herein.

76. The foregoing conduct gives rise to liability under the Illinois Consumer Fraud and Deceptive Business Practices Act, particularly 815 ILCS 505/2

77. WHEREFORE Plaintiff seeks recovery of compensatory and punitive damages for injuries caused by the Sharman Defendants' violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act. The Plaintiff on behalf of herself and others also seeks recovery of attorney's fees and costs.

## COUNT FOUR
## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST DEFENDANTS
## STRICT LIABILITY

78. The Plaintiff hereby incorporates by reference paragraphs 1 through 77 above in this Fourth Count as though fully set forth herein.

79. Defendants produced and marketed the KaZaA Product.

80. Defendants produced and marketed the KaZaA Product in a manner that was knowingly predisposed to cause its users to be sued to claims for copyright infringement.

81. Defendants produced and marketed the KaZaA Product in a manner that was knowingly designed to cause havoc and disrupt one's computer.

82. These conditions were unreasonably dangerous in that the conditions exposed its users to severe statutory penalties and fines for using the KaZaA Product.

83. These conditions were unreasonably dangerous in that the conditions affected the health of one's computer.

84. These conditions existed at the time the KaZaA Product left the Defendants' control.

85. These dangers would not be contemplated by the ordinary user of the KaZaA Product.

86. These conditions caused the Plaintiff and others similarly situated to suffer damages.

87. The Plaintiff and others similarly situated have been injured by the KaZaA Product.

88. WHEREFORE the Plaintiff seeks on behalf of herself and others similarly situated recovery of compensatory and punitive damages for the Sharman Defendants' design, distribution and manufacture of the KaZaA Product under the doctrine of strict liability. The Plaintiff on behalf of herself and others also seeks recovery of attorney's fees and costs.

## COUNT FIVE
## AS AND FOR A FIFTH CAUSE OF ACTION
## AGAINST DEFENDANTS
## NEGLIGENCE – DUTY TO WARN

89. The Plaintiff hereby incorporates by reference paragraphs 1 through 88 above in this Fifth Count as though fully set forth herein.

90. The Sharman Defendants had a duty to warn the Plaintiff and others similarly situated that use of the KaZaA Product would make the "share file" accessible to anyone on the KaZaA network.

91. The Sharman Defendants had a duty to warn the Plaintiff and others similarly situated that use of the KaZaA Product would potentially expose them to civil liability for copyright infringement.

92. The Sharman Defendants failed to so warn Plaintiff and others similarly situated.

93. The Sharman Defendants breached their duty to Plaintiff and others similarly situated.

94. The Plaintiff and others similarly situated have been harmed by the Sharman Defendants' negligence.

95. WHEREFORE the Plaintiff on behalf of herself and others similarly situated seeks recovery of compensatory damages for the Sharman Defendants' negligent failure to warn.

## COUNT SIX
## AS AND FOR A SIXTH CAUSE OF ACTION
## AGAINST DEFENDANTS
## NEGLIGENCE – DESIGN DEFECT

96. The Plaintiff hereby incorporates by reference paragraphs 1 through 95 above in this Sixth Count as though fully set forth herein.

97. The Sharman Defendants had a duty to design a non-defective product.

98. The Sharman Defendants designed a defective product and breached their duty to Plaintiff and others similarly situated.

99. The Plaintiff and others similarly situated have been harmed by the Sharman Defendants' negligence.

100. WHEREFORE the Plaintiff on behalf of herself and others similarly situated seeks recovery of compensatory damages for the Sharman Defendants' negligent and defective design of the KaZaA Product.

## COUNT SEVEN
## AS AND FOR A SEVENTH CAUSE OF ACTION
## AGAINST DEFENDANTS
## UNJUST ENRICHMENT

101. The Plaintiff hereby incorporates by reference paragraphs 1 through 100 above in this Seventh Count as though fully set forth herein.

102. The Sharman Defendants have been unjustly enriched by their wrongful conduct.

103. The Sharman Defendants have, at a minimum, unjustly retained the benefit of advertising revenue and any profits obtained therefrom arising solely through the use of the KaZaA Product by Plaintiff and others similarly situated.

104. The Sharman Defendants' unjust enrichment and retention of benefits has been to the detriment of the Plaintiff and others similarly situated.

105. WHEREFORE the Plaintiff on behalf of herself and others similarly situated seeks recovery of an equitable award of the Sharman Defendants' profits arising from their wrongful conduct, prejudgment interest, and punitive damages under the doctrine of unjust enrichment.

Illinois ARDC: 6257957

## **GENERAL**

106.  Where conditions precedent are alleged, the Plaintiff avers that all conditions precedent have been performed or have occurred.

107.  The Plaintiff on behalf of herself and others similarly situated demands a jury trial.

Illinois ARDC: 6257957

## JURY DEMAND

The Plaintiff on behalf of herself and others similarly situated expressly demands a jury trial.

Charles Lee Mudd, Jr.

## CLASS ACTION

The Plaintiff files this action as a CLASS ACTION pursuant to Rule 23 of the Federal Rules of Civil Procedure.

Charles Lee Mudd, Jr.

Illinois ARDC: 6257957

## PRAYER FOR RELIEF

WHEREFORE, CATHERINE LEWAN accordingly and respectfully prays for judgment against DEFENDANTS SHARMAN NETWORKS LIMITED aka SHARMAN NETWORKS LTD, SHARMAN LICENSE HOLDINGS LIMITED, GEOFFREY R. GEE, GLOBAL NOMINEES, and CREDIT FACILITIES LIMITED as follows:

1. That CATHERINE LEWAN and all others similarly situated be awarded compensatory damages in an amount to be determined at trial;

2. That CATHERINE LEWAN and all others similarly situated be awarded punitive damages in an amount to be determined at trial;

3. That CATHERINE LEWAN and all others similarly situated be awarded attorney's fees and costs in this action;

4. That the Court enter judgment in favor of CATHERINE LEWAN and all others similarly situated according to the equitable and injunctive relief sought; and,

Illinois ARDC: 6257957

5. That CATHERINE LEWAN and all others similarly situated be awarded any such other and further relief as this Court may deem just and proper or to which CATHERINE LEWAN and all others similarly situated may be entitled as a matter of law or equity.

Dated: Chicago, Illinois
December 6, 2006

PLAINTIFF,
CATHERINE LEWAN

By: Her Attorney
Charles Lee Mudd Jr.
Mudd Law Offices
3344 North Albany Avenue
Chicago, Illinois 60618
(773) 588-5410
Cook County Attorney No.: 38666
Illinois ARDC: 6257957
cmudd@muddlawoffices.com